UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAN ELISEO HERNANDEZ BECERRA (A221-493-715),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No.  1:26-cv-03983-DC-SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

Petitioner is a native and citizen of Mexico who came to the United States on or about July 1, 2016.  ECF No. 1 at 5, ECF No. 7-1 at 2.  He lived in Utah with his mother, his U.S. citizen fiancé, and other family members.  ECF No. 1 at 5.  He did not encounter immigration officials until February 9, 2026, when he attended a check-in appointment with his state probation officer for a misdemeanor DUI conviction.[1]  ECF No. 1 at 6, ECF No. 7-1 at 2.  During his

_____

[1]  According to Petitioner's Record of Deportable/Inadmissible Noncitizen, he has other alcohol-related misdemeanor convictions.  ECF No. 7-1 at 2-3.  However, Respondents did not submit

1

detention by ICE, an Immigration Judge ("IJ") denied him a bond hearing based on an asserted lack of jurisdiction.  Id.

Petitioner remains in the custody of Immigrations and Customs Enforcement ("ICE") at the California City Detention Facility, located in this judicial district.  ECF No. 1.  In his habeas corpus petition, Petitioner challenges his immigration detention as a violation of his Fifth Amendment right to due process.

Respondents contend that Petitioner is subject to mandatory detention as an "applicant for admission" pursuant to 8 U.S.C. § 1225(b)(2) until the conclusion of his removal proceedings.  ECF No. 7.  Additionally, Respondents argue that Petitioner was not entitled to a pre-deprivation hearing because his immigration detention was based upon his encounter with law enforcement authorities.  ECF No. 7 at 3.  Respondents also submitted evidence that an IJ denied Petitioner's asylum and withholding of removal applications and ordered him removed to Mexico on May 20, 2026.  ECF No. 7-3 at 3-6.  The immigration court's automated case information system does not show a pending appeal of that denial.[2]

**II.    Legal Standards**

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).  The Supreme Court described the detention statutes at issue in this case, 8 U.S.C. § 1225 and 8 U.S.C. § 1226, in some detail in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> As relevant here, applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2).  Section 1225(b)(1) applies to [non-citizens] initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation.  See § 1225(b)(1)(A)(i) (citing §§ 1182(a)(6)(C), (a)(7)).  Section 1225(b)(1) also applies to certain other [non-citizens] designated by the Attorney General in his

any Rap Sheet properly documenting any other convictions other than the DUI conviction Petitioner admitted in his § 2241 application.

[2]  See https://perma.cc/2B6B-KQMH (EOIR's Automated Case Information database searchable by A# and country of origin).

discretion.  See 8 U.S.C. § 1225(b)(1)(A)(iii).  Section 1225(b)(2) is broader.  It serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here).  See §§ 1225(b)(2)(A), (B).

Even once inside the United States, [non-citizens] do not have an absolute right to remain here.  For example, [a non-citizen] present in the country may still be removed if he or she falls 'within one or more ... classes of deportable [non-citizens].'  8 U.S.C. § 1227(a).  That includes [non-citizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission.  See §§ 1227(a)(1), (2).

Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal.  Section 1226(a) sets out the default rule:  The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] 'pending a decision on whether the [non-citizen] is to be removed from the United States.'  § 1226(a).  'Except as provided in subsection (c) of this section,' the Attorney General 'may release' [a non-citizen] detained under § 1226(a) 'on ...bond' or 'conditional parole.'

Id. at 286-89 (footnote omitted).[3]

### III.    Analysis

The Court must first decide whether Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a).  Respondents' argument that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) is based on the minority viewpoint in this Circuit.  See H.F. v. Albarran, No. 1:25-cv-1795 TLN EFB, 2025 WL 3691081, at *3 (E.D. Cal. Dec. 19, 2025); Salcedo Aceros v. Kaiser, No. 25-cv-6924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  Courts in this Circuit have found that Section 1225 applies to those apprehended upon arrival to the United States while Section 1226 applies to those already living within the United States.  See, e.g., Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1257 (W.D. Wash. 2025) (finding Petitioner likely to succeed on merits of argument that 1225(b)(2)(A) "should be read to narrow mandatory detention under that

---

[3] The undersigned changed "alien" to "non-citizen" in these passages.  This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years.  See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.' " (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

3

subsection to noncitizens who are apprehended while seeking to enter the country, and that noncitizens already residing in the United States, including those who are charged with inadmissibility, continue to fall under the discretionary detention scheme in Section 1226") (internal quotation marks omitted); J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO-HC, 2025 WL 3013328, at *6–7 (E.D. Cal. Oct. 27, 2025); E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025).  The undersigned agrees with this analysis and follows the majority view in finding that the applicable statute governing Petitioner's detention here is § 1226(a), and not § 1225(b)(2).

The undersigned also notes the increasing body of appellate case law outside the Ninth Circuit on this issue.  The undersigned declines to follow Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026), for the reasons articulated in De La Paz Salazar, et al. v. Noem, No. 1:26-cv-0899 DC SCR, 2026 WL 915128, at *4 (E.D. Cal. Apr. 3, 2026).  The undersigned instead finds persuasive the Second Circuit's extensive analysis in Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026).  See also Hernandez Alvarez v. Warden, Federal Detention Ctr. Miami, 175 F.4th 1258 (11th Cir. 2026) (holding that § 1226(a) governs detention of "unadmitted [non-citizens] found in the interior of the United States" and that such non-citizens "are eligible for bond while they go through immigration proceedings"); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026) (holding that § 1226(a) governs detention of individuals who entered without inspection but are arrested in the interior of the United States).

Having determined that Petitioner is subject to the discretionary detention scheme in § 1226(a), the undersigned concludes that habeas relief is warranted.  The question remains what is the proper remedy for the due process violation in this case.  In their answer, Respondents alternatively contend that "[u]nder section 1226(a) and its implementing regulations, a[] [noncitizen] is entitled to a custody redetermination hearing—at the [noncitizen]'s request—only after an initial decision has been made to detain the [noncitizen]."  ECF No. 7 at 4 (citations omitted).  As a result, Respondents request that the remedy be tailored to fit the pre-existing statutory custody redetermination scheme of § 1226(a).  ECF No. 7 at 4.  In light of this

alternative argument, the undersigned recommends ordering Respondents to provide Petitioner with a custody redetermination hearing pursuant to 8 U.S.C. § 1226(a) and its implementing regulations.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 3) is granted.

2. Petitioner's motion for the appointment of counsel (ECF No. 2) is denied as moot in light of the recommendation to grant Petitioner's habeas corpus application.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondents be ordered to provide Petitioner with a custody redetermination hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations. within fourteen (14) days of any order resolving this § 2241 petition.

3. Respondents be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

4. If Petitioner is granted release on bond, Respondents shall return all of Petitioner's documents and possessions at the time of release.

5. The final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6