UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAN ELISEO HERNANDEZ BECERRA (A# 221-493-715),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-03983-DC-SCR (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. No. 15)

Petitioner, a federal immigration detainee proceeding pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 22, 2026, the magistrate judge filed amended findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 15.) Neither party filed objections to the amended findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the parties' filings and finds the amended findings and recommendations to be

supported by the record and by the magistrate judge's analysis. However, consistent with this court's previous decisions, the court finds that the appropriate relief in this case is Petitioner's immediate release from custody.[1] *See, e.g.*, *Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CKD (HC), 2026 WL 539409 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention).

Accordingly, IT IS HEREBY ORDERED that:

1. The amended findings and recommendations filed July 22, 2026 (Doc. No. 15), are ADOPTED IN PART;

2. Petitioner San Eliseo Hernandez Becerra's (A-221-493-715) writ of habeas corpus is GRANTED;

---

[1] The magistrate judge concluded that the proper remedy is ordering Respondents to provide Petitioner with a bond hearing because Respondents "request that the remedy be tailored to fit the pre-existing statutory custody redetermination scheme of § 1226(a)." (Doc. No. 15 at 5.) However, this court has found that release is proper on the facts analogous to those here, where Petitioner was detained in the interior of the United States after living freely for many years and no changed circumstances warranted urgent action by immigration authorities. To the extent Respondents argue that Petitioner was not entitled to a pre-deprivation hearing because Petitioner's detention was preceded by an encounter with law enforcement (Doc. No. 7 at 3), this argument is unavailing given this alleged encounter appears to have been on July 30, 2024, nearly two years before Petitioner's immigration detention. (Doc. No. 7-1 at 3.) Such an encounter does not support a reasonable inference that changed circumstances warranted Petitioner's immigration detention such that a post-deprivation bond hearing, rather than release, would be the proper remedy. *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026) (finding post-deprivation bond hearing, not immediate release, to be the proper remedy where the petitioner was detained immediately following her arrest).

a. Respondents shall IMMEDIATELY RELEASE Petitioner from their custody;

b. Upon his release, Respondents shall not impose any additional restriction on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;

d. If the government seeks to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

3. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

4. Within seven (7) days from the date of entry of this order, Respondents are directed to file a status report with the court certifying compliance with this order;

5. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

6. The Clerk of the Court is directed to enter judgment for Petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 3, 2026**

Dena Coggins
United States District Judge